United States District Court
Southern District of Texas
**ENTERED**
October 11, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| CHRISTOPHER SCOTT SYKES,[1] § § Plaintiff. § § V. § CIVIL ACTION NO. 3:22-cv-00384 § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | |

## **OPINION AND ORDER**

Plaintiff Christopher Scott Sykes ("Sykes") seeks judicial review of an administrative decision denying his applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act (the "Act"), respectively. *See* Dkt. 1. Before me are competing motions for summary judgment filed by Sykes and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 16, 20. After reviewing the briefing, the record, and the applicable law, Sykes's motion for summary judgment (Dkt. 16) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 20) is **GRANTED**.

## **BACKGROUND**

On May 7, 2015, Sykes filed an application for Title II disability insurance benefits, and on May 18, 2015, he filed an application for Title XVI supplemental security income benefits. In both applications Sykes alleged disability beginning February 2, 2014. Sykes's application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Sykes was not disabled. The Appeals Council remanded

---

[1] The style of the case shows the Plaintiff's name as "Christopher Scott Skyes," but every document in the administrative transcript reflects the Plaintiff's name as "Christopher Scott Sykes."

Sykes's case back to the ALJ. A different ALJ held a new hearing on September 14, 2021, which was continued due to telephone issues. The hearing was concluded on January 6, 2022, after which the new ALJ also found Sykes not disabled. Sykes again filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

2

(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Sykes had not engaged in substantial gainful activity since February 2, 2014, the alleged onset date. *See* Dkt. 10-3 at 16.

The ALJ found at Step 2 that Sykes suffered from "the following severe impairments: degenerative disc disease; bilateral carpal tunnel syndrome; tendonitis of the right shoulder; attention-deficit hyperactivity disorder (ADHD); anxiety; and depression." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.*

Prior to consideration of Step 4, the ALJ determined Sykes's RFC as follows:

[Sykes] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that the claimant can occasionally reach in all directions, including overhead, with the right-upper extremity; occasionally handle with the bilateral upper extremities; understand, remember, and carry out detailed, but not complex instructions; use judgment to make detailed, but not complex, decisions; and have frequent, but not constant, interactions with supervisors, coworkers, and the general public.

*Id.* at 18.

At Step 4, the ALJ found that "[Sykes] is unable to perform any past relevant work." *Id.* at 22.

Nonetheless, the ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that [Sykes] can perform." *Id.* at 22. Based on the Medical-Vocational Rules, the ALJ explained that "[Sykes] has not been under a disability, as defined in the Social Security Act, from February 2, 2014, through the date of [the ALJ's] decision." *Id.* at 24.

## DISCUSSION

Sykes advances only one argument in this appeal: that the "ALJ's mental RFC determination is unsupported by substantial evidence as he failed to properly weigh the opinion of consultative examiner David L. Edwards, Ph.D." Dkt. 17 at 2, 10. Specifically, Sykes contends that the ALJ "erred by inserting his own lay opinion that Dr. Edwards['s] findings only support mild to moderate limitations and further erred by rejecting a mental opinion because it took into consideration [Sykes]'s subjective reports." *Id.* at 14. I need not reach the merits of this argument because "even if the ALJ made any error, the error would be harmless." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (finding any error in the ALJ "playing doctor" was harmless because "the overwhelming factor in the decision was medical evidence from a variety of sources indicating that [the claimant] could indeed hold down her old job"). An error is harmless where "[i]t is inconceivable that the ALJ would have reached a different conclusion on this record." *Id.*

As the Commissioner observes, Sykes "failed to cite any record evidence other than his disagreement with the ALJ's evaluation of Dr. Edwards'[s] opinion . . . in support of his assertion the ALJ formulated a faulty [mental RFC] determination." Dkt. 20-1 at 12. Sykes does not address this argument in his reply, instead regurgitating many of the same arguments made in his opening brief. Curiously, Sykes quotes *Angela E. v. Kijakazi*, No. 4:21-cv-149, 2023 WL 2745181,

at *5 (S.D. Tex. Mar. 31, 2023), for the proposition that "an ALJ is legally required to evaluate every medical opinion she receives and consider certain factors when deciding how much weight to give the medical opinion." Dkt. 21 at 1–2. That is an accurate quote, but reviewing it in context works against Sykes. In *Angela E.*, Plaintiff essentially argued "that the ALJ may not give any weight to a [state agency medical consultant] opinion when the [consultant] did not review all the evidence in the record." *Angela E.*, 2023 WL 2745181, at *5. Sykes has not expressly made that argument in this case. But his reliance on Dr. Edwards's in-person consultative examination to the exclusion of "the more recent determinations of the State agency psychological consultants [that] did not support the degree of limitation assessed by Dr. Edwards" is functionally the same thing. Dkt. 20-1 at 9. Importantly, the *Angela E.* court went on to reiterate that "the ultimate decision whether Plaintiff is disabled rests with the ALJ" and "the ALJ, not the [state agency medical consultant], is responsible for using the full record to make the determination." *Angela E.*, 2023 WL 2745181, at *5 (cleaned up). Indeed, the *Angela E.* court *upheld* the ALJ's decision because the ALJ considered "the other medical evidence in the record" such that "neither reversal nor remand [wa]s warranted." *Id.* at *6. The same outcome is required here.

Sykes does not contend that the ALJ overlooked any evidence in the record. Rather, Sykes believes the ALJ inserted "his own medical opinion." Dkt. 21 at 2. That may be so, but substantial evidence still supports the ALJ's decision. Specifically, the ALJ "granted significant weight" to the opinions of *two* psychological state agency medical consultants. Dkt. 10-3 at 20. The ALJ found both opinions "highly consistent with one another" and "generally well supported by the fully-developed record at the hearing level of review." *Id.* The ALJ found that both psychological state agency medical consultants "provided detailed, function-by-function assessments of [Sykes]'s work-related limitations and these sources are experts in Social Security disability evaluation as well as highly qualified, acceptable medical sources." *Id.* Nevertheless, the ALJ "reviewed the

medical evidence of record and determined that [Sykes] is actually more limited than those opinions suggest. 'That these medical experts found [Sykes] . . . to have greater mental capabilities is ultimately supportive of the ALJ's RFC determination.'" *Lacour v. Comm'r of Soc. Sec.*, No. 4:22-cv-01645, 2023 WL 4747389, at *4 (S.D. Tex. July 25, 2023) (quoting *Fleming v. Saul*, No. SA-19-cv-00701, 2020 WL 4601669, at *9 (W.D. Tex. Aug. 10, 2020)). Accordingly, any error in the ALJ's evaluation of Dr. Edwards's opinion was harmless and the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the reasons provided above, Sykes's motion for summary judgment (Dkt. 16) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 20) is **GRANTED**.

SIGNED this 11th day of October 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE